UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

SHAWN HEALEY, on behalf of himself and all others     :
similarly situated, and GEORGE SMITH, individually,     :   **Case No.: 14 Civ. 5104**
                                                      :
                         Plaintiffs,     :   **<u>CLASS ACTION</u>**
                                                      :   **<u>COMPLAINT</u>**
        - against -                          :
                                                      :
AMINCOR, INC., TYREE HOLDINGS CORP., TYREE     :
SERVICE CORP., TYREE ENVIROMENTAL CORP.,     :
JOHN R. RICE III, JOSEPH F. INGRASSIA, ROBERT L.  :
OLSON; and STEPHEN J. TYREE, individually,     :
                                                    :
                       Defendants.    :

------------------------------------------------------------------------X

Plaintiff Shawn Healey, on behalf of himself and all others similarly situated, and Plaintiff George Smith (collectively, "Plaintiffs"), by and through their attorneys, Shulman Kessler LLP, complaining of Amincor, Inc., Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp., and John R. Rice III, Joseph F. Ingrassia, Robert L. Olson; and Stephen J. Tyree, individually (collectively, "Defendants"), alleges as follows:

## <u>PRELIMINARY STATEMENT</u>

1.     Plaintiff Shawn Healey, on behalf of himself and all others similarly situated, and Plaintiff George Smith bring this action seeking monetary damages and affirmative relief based upon Defendants' violation of the Employee Retirement and Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1101, et seq., 1132, and 1145, New York Labor Law ("NYLL" or "N.Y. Lab. Law"), and other appropriate rules, regulations, statutes and ordinances.

2.     Defendants Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. are a multi-dimensional petroleum services and environmental firm whose sphere of influence encompasses seven offices in the United States.  Defendant Amincor, Inc. is a

publically-traded company that owns and controls Defendants Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp., among other companies.

3.      Recently, Defendants have terminated many of their employees and taken other cost-saving measures directed by Defendant Amincor, Inc.   As part of these cost-cutting measures, Defendants stopped paying Cigna, which provided Defendants' employees with healthcare and other benefits.

4.      Even though Cigna cancelled the healthcare plan effective June 1, 2014, Defendants continued to deduct contributions from Plaintiffs' earned wages as well as the earned wages of those members of the putative class action.

5.      Moreover, Defendants failed to officially notify their employees that their health insurance was terminated.

6.      Throughout this period, unbeknownst to Plaintiffs and Defendants' other employees, visits to their doctors, prescriptions, trips to the emergency room, and other expenses were not covered by Cigna.

## JURISDICTION & VENUE

7.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 1132, 28 U.S.C. §§ 1331.

8.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

9.      Defendants do business in the State of New York maintaining a principal place of business of business at 208 Route 109, Farmingdale, New York 11735.

10.      Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Shawn Healey*

11.     Plaintiff Shawn Healey is a resident of the Nassau County, State of New York.

12.     At all times relevant to the Complaint, Plaintiff Shawn Healey, was an employee within the meaning of Section 3(16)(A)(i) of ERISA, 29 U.S.C. § 1002(6), and N.Y. Lab. Law § 190(2).

13.     Plaintiff Shawn Healey was employed by Defendants from in or about November 2004 until on or about July 25, 2014.

14.     During his employment with Defendants, Plaintiff Shawn Healey held numerous positions with Defendants, including salesperson, which was his most recent.

15.     At all times relevant to the Complaint, Plaintiff Shawn Healey was a participant and a beneficiary in an employee benefit plan (hereinafter referred to as the "Employee Benefit Plans") within the meaning of Sections 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(7) and (8).

*Plaintiff George Smith*

16.     Plaintiff George Smith is a resident of the Suffolk County, State of New York.

17.     At all times relevant to the Complaint, Plaintiff George Smith, was an employee within the meaning of Section 3(16)(A)(i) of ERISA, 29 U.S.C. § 1002(6), and N.Y. Lab. Law § 190(2).

18.     Plaintiff George Smith has been employed by Defendants from in or about 1985 through the present.

19.     During his employment with Defendants, Plaintiff George Smith was employed as a boom operator.

20.     At all times relevant to the Complaint, George Smith was a participant and a beneficiary in the Employee Benefit Plans within the meaning of Sections 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(7) and (8).

***Defendant Amincor, Inc.***

21.     Upon information and belief, Defendant Amincor, Inc., was and still is a foreign, publically-traded corporation, organized and existing pursuant to the laws of the State of Nevada.

22.     Upon information and belief, Defendant Amincor, Inc. is authorized to do business in the State of New York.

23.     Upon information and belief, Defendant Amincor, Inc.'s principal place of business was and still is at 1350 Avenue of the Americas, 24th Floor, New York, New York 10019.

24.     Upon information and belief, and at all times relevant to the Complaint, Amincor, Inc., was and still is the parent company of Defendant Tyree Holdings Corp.

25.     Upon information and belief, and at all times relevant to the Complaint, Amincor, Inc., was and still is the parent company of Defendant Tyree Service Corp.

26.     Upon information and belief, and at all times relevant to the Complaint, Amincor, Inc., was and still is the parent company of Defendant Tyree Environmental Corp.

27.     Upon information and belief, and at all times relevant to the Complaint, Amincor, Inc., was and still is in the business of facilitating growth for its subsidiary companies, including Defendants Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp.

28.     At all times hereinafter mentioned, Defendant Amincor, Inc. was and still is an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and New York State Labor Law § 190(3).

***Defendant Tyree Holdings Corp.***

29.     Upon information and belief, Defendant Tyree Holdings Corp., was and still is a foreign corporation, organized and existing pursuant to the laws of the State of Delaware.

30.     Upon information and belief, Defendant Amincor, Inc. is authorized to do business in the State of New York.

31.     Upon information and belief, Defendant Tyree Holdings Corp.'s principal place of business was and still is at 208 Route 109, Farmingdale, New York 11735.

32.     Upon information and belief, Defendant Tyree Holdings Corp. maintained and still maintains another place of business at 15 Old Loudon Road, Latham, New York 12110.

33.     Upon information and belief, and at all times relevant to the Complaint, Tyree Holdings Corp., was and still is a subsidiary of Defendant Amincor, Inc.

34.     Upon information and belief, and at all times relevant to the Complaint, Tyree Holdings Corp., was and still the business petroleum and environmental remediation services.

35.     At all times hereinafter mentioned, Defendant Tyree Holdings Corp. was and still is an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and New York State Labor Law § 190(3).

***Defendant Tyree Service Corp.***

36.     Upon information and belief, Defendant Tyree Service Corp., was and still is a foreign corporation, organized and existing pursuant to the laws of the State of Delaware.

37.     Upon information and belief, Defendant Amincor, Inc. is authorized to do business in the State of New York.

38.     Upon information and belief, Defendant Tyree Service Corp.'s principal place of business was and still is at 208 Route 109, Farmingdale, New York 11735.

39.     Upon information and belief, Defendant Tyree Service Corp. maintained and still maintains another place of business at 15 Old Loudon Road, Latham, New York 12110.

40.     Upon information and belief, and at all times relevant to the Complaint, Tyree Service Corp., was and still is a subsidiary of Defendant Amincor, Inc.

41.     Upon information and belief, and at all times relevant to the Complaint, Tyree Service Corp., was and still the business petroleum and environmental remediation services.

42.     At all times hereinafter mentioned, Defendant Tyree Service Corp. was and still is an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and New York State Labor Law § 190(3).

***Defendant Tyree Environmental Corp.***

43.     Upon information and belief, Defendant Tyree Environmental, was and still is a foreign corporation, organized and existing pursuant to the laws of the State of Delaware.

44.     Upon information and belief, Defendant Amincor, Inc. is authorized to do business in the State of New York.

45.     Upon information and belief, Defendant Tyree Environmental's principal place of business was and still is at 208 Route 109, Farmingdale, New York 11735.

46.     Upon information and belief, Defendant Tyree Environmental Corp. maintained and still maintains another place of business at 15 Old Loudon Road, Latham, New York 12110.

47.     Upon information and belief, and at all times relevant to the Complaint, Tyree Environmental, was and still is a subsidiary of Defendant Amincor, Inc.

48.     Upon information and belief, and at all times relevant to the Complaint, Tyree Environmental, was and still the business petroleum and environmental remediation services.

49.     At all times hereinafter mentioned, Defendant Tyree Environmental was and still is an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and New York State Labor Law § 190(3).

***Corporate Defendants***

50.     Upon information and belief, and at all times relevant to the Complaint, Defendants Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. had and still have a unified payroll practice.

51.     Upon information and belief, and at all times relevant to the Complaint, Defendants Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. constituted and still constitute a unified operation.

52.     Upon information and belief, and at all times relevant to the Complaint, Defendants Amincor, Inc., Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. constituted and still constitute a common enterprise.

53.     Upon information and belief, and at all times relevant to the Complaint, Defendants Amincor, Inc., Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. had and still have interrelated operations.

54.     Upon information and belief, and at all times relevant to the Complaint, Defendants Amincor, Inc., Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. had and still have common management.

55.     Upon information and belief, and at all times relevant to the Complaint, Defendants Amincor, Inc., Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. had and still have a centralized control of labor relations.

56.     Upon information and belief, and at all times relevant to the Complaint, Defendants Amincor, Inc., Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. had and still have common ownership.

57.     Upon information and belief, and at all times relevant to the Complaint, Defendants Amincor, Inc., Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. commingled and still commingle funds with each other.

58.     Upon information and belief, Defendants Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. shared and still share the physical addresses of 208 Route 109, Farmingdale, New York 11735 and 15 Old Loudon Road, Latham, New York 12110.

59.     At all times hereinafter mentioned, Defendants Amincor, Inc., Tyree Holdings Corp., Tyree Service Corp. and Tyree Environmental Corp. constitute a "joint employer" as defined by NYLL §§ 2(6) and 190(3).

60.     At all times hereinafter mentioned, Defendants Amincor, Inc., Tyree Holdings Corp., Tyree Service Corp. and Tyree Environmental Corp. constitute a single employer.

61.     At all times hereinafter mentioned, Defendants Amincor, Inc., Tyree Holdings Corp., Tyree Service Corp. and Tyree Environmental Corp. constitute an integrated enterprise.

***Defendant John R. Rice III***

62.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III owns and/or operates Defendant Amincor, Inc.

63.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the President of Defendant Amincor, Inc.

64.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the Vice-President of Defendant Amincor, Inc.

65.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is a shareholder of Defendant Amincor, Inc.

66.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is a corporate officer of Defendant Amincor, Inc.

67.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the Chief Executive Officer of Defendant Amincor, Inc.

68.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is an agent of Defendant Amincor, Inc.

69.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority over personnel decisions for Defendant Amincor, Inc.

70.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority over payroll decisions for Defendant Amincor, Inc.

71.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III supervises employees of the Defendant Amincor, Inc.

72.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority to hire and fire employees for Defendant Amincor, Inc.

73.     Defendant John R. Rice III has the power to make binding decisions for Defendant Amincor, Inc.

74.     Defendant John R. Rice III has the power to transfer the assets or liabilities of Defendant Amincor, Inc.

75.     Defendant John R. Rice III has the power to declare bankruptcy on behalf of Defendant Amincor, Inc.

76.     Defendant John R. Rice III has the power to enter into contracts on behalf of Defendant Amincor, Inc.

77.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III owns and/or operates Defendant Tyree Holdings, Inc.

78.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the President of Defendant Tyree Holdings, Inc.

79.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the Vice-President of Defendant Tyree Holdings, Inc.

80.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is a shareholder of Defendant Tyree Holdings, Inc.

81.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is a corporate officer of Defendant Tyree Holdings, Inc.

82.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the Chief Executive Officer of Defendant Tyree Holdings, Inc.

83.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is an agent of Defendant Tyree Holdings, Inc.

84.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority over personnel decisions for Defendant Tyree Holdings, Inc.

85.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority over payroll decisions for Defendant Tyree Holdings, Inc.

86.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III supervises employees of the Defendant Tyree Holdings, Inc.

87.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority to hire and fire employees for Defendant Tyree Holdings, Inc.

88.     Defendant John R. Rice III has the power to make binding decisions for Defendant Tyree Holdings, Inc.

89.     Defendant John R. Rice III has the power to transfer the assets or liabilities of Defendant Tyree Holdings, Inc.

90.     Defendant John R. Rice III has the power to declare bankruptcy on behalf of Defendant Tyree Holdings, Inc.

91.     Defendant John R. Rice III has the power to enter into contracts on behalf of Defendant Tyree Holdings, Inc.

92.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III owns and/or operates Defendant Tyree Service, Inc.

93.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the President of Defendant Tyree Service, Inc.

94.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the Vice-President of Defendant Tyree Service, Inc.

95.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is a shareholder of Defendant Tyree Service, Inc.

96.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is a corporate officer of Defendant Tyree Service, Inc.

97.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the Chief Executive Officer of Defendant Tyree Service, Inc.

98.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is an agent of Defendant Tyree Service, Inc.

99.     Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority over personnel decisions for Defendant Tyree Service, Inc.

100.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority over payroll decisions for Defendant Tyree Service, Inc.

101.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III supervises employees of the Defendant Tyree Service, Inc.

102.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority to hire and fire employees for Defendant Tyree Service, Inc.

103.    Defendant John R. Rice III has the power to make binding decisions for Defendant Tyree Service, Inc.

104.    Defendant John R. Rice III has the power to transfer the assets or liabilities of Defendant Tyree Service, Inc.

105.    Defendant John R. Rice III has the power to declare bankruptcy on behalf of Defendant Tyree Service, Inc.

106.    Defendant John R. Rice III has the power to enter into contracts on behalf of Defendant Tyree Service, Inc.

107.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III owns and/or operates Defendant Tyree Environmental, Inc.

108.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the President of Defendant Tyree Environmental, Inc.

109.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the Vice-President of Defendant Tyree Environmental, Inc.

110.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is a shareholder of Defendant Tyree Environmental, Inc.

111.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is a corporate officer of Defendant Tyree Environmental, Inc.

112.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is the Chief Executive Officer of Defendant Tyree Environmental, Inc.

113.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III is an agent of Defendant Tyree Environmental, Inc.

114.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority over personnel decisions for Defendant Tyree Environmental, Inc.

115.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority over payroll decisions for Defendant Tyree Environmental, Inc.

116.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III supervises employees of the Defendant Tyree Environmental, Inc.

117.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III has the authority to hire and fire employees for Defendant Tyree Environmental, Inc.

118.    Defendant John R. Rice III has the power to make binding decisions for Defendant Tyree Environmental, Inc.

119.    Defendant John R. Rice III has the power to transfer the assets or liabilities of Defendant Tyree Environmental, Inc.

120.    Defendant John R. Rice III has the power to declare bankruptcy on behalf of Defendant Tyree Environmental, Inc.

121.    Defendant John R. Rice III has the power to enter into contracts on behalf of Defendant Tyree Environmental, Inc.

122.    At all times hereinafter mentioned, Defendant John R. Rice III was and still is an "employer" within the meaning of NYLL § 190(3).

123.    Upon information and belief, and at all times hereinafter mentioned, Defendant John R. Rice III was the administrator and fiduciary within the meaning of Sections 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(16)(A)(i) and 1002(21)(A) with respect to the Employee Benefit Plans.

***Defendant Joseph F. Ingrassia***

124.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia owns and/or operates Defendant Amincor, Inc.

125.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the President of Defendant Amincor, Inc.

126.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the Vice-President of Defendant Amincor, Inc.

127.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is a shareholder of Defendant Amincor, Inc.

128.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is a corporate officer of Defendant Amincor, Inc.

129.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the Chief Executive Officer of Defendant Amincor, Inc.

130.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is an agent of Defendant Amincor, Inc.

131.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority over personnel decisions for Defendant Amincor, Inc.

132.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority over payroll decisions for Defendant Amincor, Inc.

133.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia supervises employees of the Defendant Amincor, Inc.

134.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority to hire and fire employees for Defendant Amincor, Inc.

135.    Defendant Joseph F. Ingrassia has the power to make binding decisions for Defendant Amincor, Inc.

136.    Defendant Joseph F. Ingrassia has the power to transfer the assets or liabilities of Defendant Amincor, Inc.

137.    Defendant Joseph F. Ingrassia has the power to declare bankruptcy on behalf of Defendant Amincor, Inc.

138.    Defendant Joseph F. Ingrassia has the power to enter into contracts on behalf of Defendant Amincor, Inc.

139.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia owns and/or operates Defendant Tyree Holdings, Inc.

140.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the President of Defendant Tyree Holdings, Inc.

141.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the Vice-President of Defendant Tyree Holdings, Inc.

142.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is a shareholder of Defendant Tyree Holdings, Inc.

143.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is a corporate officer of Defendant Tyree Holdings, Inc.

144.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the Chief Executive Officer of Defendant Tyree Holdings, Inc.

145.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is an agent of Defendant Tyree Holdings, Inc.

146.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority over personnel decisions for Defendant Tyree Holdings, Inc.

147.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority over payroll decisions for Defendant Tyree Holdings, Inc.

148.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia supervises employees of the Defendant Tyree Holdings, Inc.

149.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority to hire and fire employees for Defendant Tyree Holdings, Inc.

150.    Defendant Joseph F. Ingrassia has the power to make binding decisions for Defendant Tyree Holdings, Inc.

151.    Defendant Joseph F. Ingrassia has the power to transfer the assets or liabilities of Defendant Tyree Holdings, Inc.

152.    Defendant Joseph F. Ingrassia has the power to declare bankruptcy on behalf of Defendant Tyree Holdings, Inc.

153.    Defendant Joseph F. Ingrassia has the power to enter into contracts on behalf of Defendant Tyree Holdings, Inc.

154.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia owns and/or operates Defendant Tyree Service, Inc.

155.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the President of Defendant Tyree Service, Inc.

156.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the Vice-President of Defendant Tyree Service, Inc.

157.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is a shareholder of Defendant Tyree Service, Inc.

158.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is a corporate officer of Defendant Tyree Service, Inc.

159.     Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the Chief Executive Officer of Defendant Tyree Service, Inc.

160.     Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is an agent of Defendant Tyree Service, Inc.

161.     Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority over personnel decisions for Defendant Tyree Service, Inc.

162.     Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority over payroll decisions for Defendant Tyree Service, Inc.

163.     Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia supervises employees of the Defendant Tyree Service, Inc.

164.     Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority to hire and fire employees for Defendant Tyree Service, Inc.

165.     Defendant Joseph F. Ingrassia has the power to make binding decisions for Defendant Tyree Service, Inc.

166.     Defendant Joseph F. Ingrassia has the power to transfer the assets or liabilities of Defendant Tyree Service, Inc.

167.     Defendant Joseph F. Ingrassia has the power to declare bankruptcy on behalf of Defendant Tyree Service, Inc.

168.     Defendant Joseph F. Ingrassia has the power to enter into contracts on behalf of Defendant Tyree Service, Inc.

169.     Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia owns and/or operates Defendant Tyree Environmental, Inc.

170.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the President of Defendant Tyree Environmental, Inc.

171.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the Vice-President of Defendant Tyree Environmental, Inc.

172.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is a shareholder of Defendant Tyree Environmental, Inc.

173.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is a corporate officer of Defendant Tyree Environmental, Inc.

174.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is the Chief Executive Officer of Defendant Tyree Environmental, Inc.

175.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia is an agent of Defendant Tyree Environmental, Inc.

176.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority over personnel decisions for Defendant Tyree Environmental, Inc.

177.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority over payroll decisions for Defendant Tyree Environmental, Inc.

178.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia supervises employees of the Defendant Tyree Environmental, Inc.

179.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia has the authority to hire and fire employees for Defendant Tyree Environmental, Inc.

180.    Defendant Joseph F. Ingrassia has the power to make binding decisions for Defendant Tyree Environmental, Inc.

181.    Defendant Joseph F. Ingrassia has the power to transfer the assets or liabilities of Defendant Tyree Environmental, Inc.

182.    Defendant Joseph F. Ingrassia has the power to declare bankruptcy on behalf of Defendant Tyree Environmental, Inc.

183.    Defendant Joseph F. Ingrassia has the power to enter into contracts on behalf of Defendant Tyree Environmental, Inc.

184.    At all times hereinafter mentioned, Defendant Joseph F. Ingrassia was and still is an "employer" within the meaning of NYLL § 190(3).

185.    Upon information and belief, and at all times hereinafter mentioned, Defendant Joseph F. Ingrassia was the administrator and fiduciary within the meaning of Sections 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(16)(A)(i) and 1002(21)(A) with respect to the Employee Benefit Plans.

### Defendant Robert L. Olson

186.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson owns and/or operates Defendant Amincor, Inc.

187.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the President of Defendant Amincor, Inc.

188.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the Vice-President of Defendant Amincor, Inc.

189.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is a shareholder of Defendant Amincor, Inc.

190.     Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is a corporate officer of Defendant Amincor, Inc.

191.     Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the Chief Executive Officer of Defendant Amincor, Inc.

192.     Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is an agent of Defendant Amincor, Inc.

193.     Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority over personnel decisions for Defendant Amincor, Inc.

194.     Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority over payroll decisions for Defendant Amincor, Inc.

195.     Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson supervises employees of the Defendant Amincor, Inc.

196.     Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority to hire and fire employees for Defendant Amincor, Inc.

197.     Defendant Robert L. Olson has the power to make binding decisions for Defendant Amincor, Inc.

198.     Defendant Robert L. Olson has the power to transfer the assets or liabilities of Defendant Amincor, Inc.

199.     Defendant Robert L. Olson has the power to declare bankruptcy on behalf of Defendant Amincor, Inc.

200.     Defendant Robert L. Olson has the power to enter into contracts on behalf of Defendant Amincor, Inc.

201.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson owns and/or operates Defendant Tyree Holdings, Inc.

202.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the President of Defendant Tyree Holdings, Inc.

203.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the Vice-President of Defendant Tyree Holdings, Inc.

204.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is a shareholder of Defendant Tyree Holdings, Inc.

205.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is a corporate officer of Defendant Tyree Holdings, Inc.

206.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the Chief Executive Officer of Defendant Tyree Holdings, Inc.

207.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is an agent of Defendant Tyree Holdings, Inc.

208.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority over personnel decisions for Defendant Tyree Holdings, Inc.

209.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority over payroll decisions for Defendant Tyree Holdings, Inc.

210.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson supervises employees of the Defendant Tyree Holdings, Inc.

211.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority to hire and fire employees for Defendant Tyree Holdings, Inc.

212.    Defendant Robert L. Olson has the power to make binding decisions for Defendant Tyree Holdings, Inc.

213.    Defendant Robert L. Olson has the power to transfer the assets or liabilities of Defendant Tyree Holdings, Inc.

214.    Defendant Robert L. Olson has the power to declare bankruptcy on behalf of Defendant Tyree Holdings, Inc.

215.    Defendant Robert L. Olson has the power to enter into contracts on behalf of Defendant Tyree Holdings, Inc.

216.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson owns and/or operates Defendant Tyree Service, Inc.

217.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the President of Defendant Tyree Service, Inc.

218.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the Vice-President of Defendant Tyree Service, Inc.

219.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is a shareholder of Defendant Tyree Service, Inc.

220.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is a corporate officer of Defendant Tyree Service, Inc.

221.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the Chief Executive Officer of Defendant Tyree Service, Inc.

222.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is an agent of Defendant Tyree Service, Inc.

223.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority over personnel decisions for Defendant Tyree Service, Inc.

224.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority over payroll decisions for Defendant Tyree Service, Inc.

225.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson supervises employees of the Defendant Tyree Service, Inc.

226.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority to hire and fire employees for Defendant Tyree Service, Inc.

227.    Defendant Robert L. Olson has the power to make binding decisions for Defendant Tyree Service, Inc.

228.    Defendant Robert L. Olson has the power to transfer the assets or liabilities of Defendant Tyree Service, Inc.

229.    Defendant Robert L. Olson has the power to declare bankruptcy on behalf of Defendant Tyree Service, Inc.

230.    Defendant Robert L. Olson has the power to enter into contracts on behalf of Defendant Tyree Service, Inc.

231.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson owns and/or operates Defendant Tyree Environmental, Inc.

232.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the President of Defendant Tyree Environmental, Inc.

233.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the Vice-President of Defendant Tyree Environmental, Inc.

234.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is a shareholder of Defendant Tyree Environmental, Inc.

235.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is a corporate officer of Defendant Tyree Environmental, Inc.

236.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is the Chief Executive Officer of Defendant Tyree Environmental, Inc.

237.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson is an agent of Defendant Tyree Environmental, Inc.

238.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority over personnel decisions for Defendant Tyree Environmental, Inc.

239.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority over payroll decisions for Defendant Tyree Environmental, Inc.

240.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson supervises employees of the Defendant Tyree Environmental, Inc.

241.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson has the authority to hire and fire employees for Defendant Tyree Environmental, Inc.

242.    Defendant Robert L. Olson has the power to make binding decisions for Defendant Tyree Environmental, Inc.

243.    Defendant Robert L. Olson has the power to transfer the assets or liabilities of Defendant Tyree Environmental, Inc.

244.    Defendant Robert L. Olson has the power to declare bankruptcy on behalf of Defendant Tyree Environmental, Inc.

245.    Defendant Robert L. Olson has the power to enter into contracts on behalf of Defendant Tyree Environmental, Inc.

246.    At all times hereinafter mentioned, Defendant Robert L. Olson was and still is an "employer" within the meaning of NYLL § 190(3).

247.    Upon information and belief, and at all times hereinafter mentioned, Defendant Robert L. Olson was the administrator and fiduciary within the meaning of Sections 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(16)(A)(i) and 1002(21)(A) with respect to the Employee Benefit Plans.

### *Defendant Stephen J. Tyree*

248.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree owns and/or operates Defendant Amincor, Inc.

249.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the President of Defendant Amincor, Inc.

250.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the Vice-President of Defendant Amincor, Inc.

251.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is a shareholder of Defendant Amincor, Inc.

252.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is a corporate officer of Defendant Amincor, Inc.

253.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the Chief Executive Officer of Defendant Amincor, Inc.

254.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is an agent of Defendant Amincor, Inc.

255.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority over personnel decisions for Defendant Amincor, Inc.

256.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority over payroll decisions for Defendant Amincor, Inc.

257.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree supervises employees of the Defendant Amincor, Inc.

258.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority to hire and fire employees for Defendant Amincor, Inc.

259.    Defendant Stephen J. Tyree has the power to make binding decisions for Defendant Amincor, Inc.

260.    Defendant Stephen J. Tyree has the power to transfer the assets or liabilities of Defendant Amincor, Inc.

261.    Defendant Stephen J. Tyree has the power to declare bankruptcy on behalf of Defendant Amincor, Inc.

262.    Defendant Stephen J. Tyree has the power to enter into contracts on behalf of Defendant Amincor, Inc.

263.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree owns and/or operates Defendant Tyree Holdings, Inc.

264.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the President of Defendant Tyree Holdings, Inc.

265.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the Vice-President of Defendant Tyree Holdings, Inc.

266.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is a shareholder of Defendant Tyree Holdings, Inc.

267.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is a corporate officer of Defendant Tyree Holdings, Inc.

268.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the Chief Executive Officer of Defendant Tyree Holdings, Inc.

269.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is an agent of Defendant Tyree Holdings, Inc.

270.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority over personnel decisions for Defendant Tyree Holdings, Inc.

271.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority over payroll decisions for Defendant Tyree Holdings, Inc.

272.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree supervises employees of the Defendant Tyree Holdings, Inc.

273.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority to hire and fire employees for Defendant Tyree Holdings, Inc.

274.    Defendant Stephen J. Tyree has the power to make binding decisions for Defendant Tyree Holdings, Inc.

275.    Defendant Stephen J. Tyree has the power to transfer the assets or liabilities of Defendant Tyree Holdings, Inc.

276.     Defendant Stephen J. Tyree has the power to declare bankruptcy on behalf of Defendant Tyree Holdings, Inc.

277.     Defendant Stephen J. Tyree has the power to enter into contracts on behalf of Defendant Tyree Holdings, Inc.

278.     Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree owns and/or operates Defendant Tyree Service, Inc.

279.     Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the President of Defendant Tyree Service, Inc.

280.     Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the Vice-President of Defendant Tyree Service, Inc.

281.     Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is a shareholder of Defendant Tyree Service, Inc.

282.     Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is a corporate officer of Defendant Tyree Service, Inc.

283.     Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the Chief Executive Officer of Defendant Tyree Service, Inc.

284.     Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is an agent of Defendant Tyree Service, Inc.

285.     Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority over personnel decisions for Defendant Tyree Service, Inc.

286.     Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority over payroll decisions for Defendant Tyree Service, Inc.

287. Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree supervises employees of the Defendant Tyree Service, Inc.

288. Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority to hire and fire employees for Defendant Tyree Service, Inc.

289. Defendant Stephen J. Tyree has the power to make binding decisions for Defendant Tyree Service, Inc.

290. Defendant Stephen J. Tyree has the power to transfer the assets or liabilities of Defendant Tyree Service, Inc.

291. Defendant Stephen J. Tyree has the power to declare bankruptcy on behalf of Defendant Tyree Service, Inc.

292. Defendant Stephen J. Tyree has the power to enter into contracts on behalf of Defendant Tyree Service, Inc.

293. Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree owns and/or operates Defendant Tyree Environmental, Inc.

294. Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the President of Defendant Tyree Environmental, Inc.

295. Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the Vice-President of Defendant Tyree Environmental, Inc.

296. Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is a shareholder of Defendant Tyree Environmental, Inc.

297. Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is a corporate officer of Defendant Tyree Environmental, Inc.

298.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is the Chief Executive Officer of Defendant Tyree Environmental, Inc.

299.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree is an agent of Defendant Tyree Environmental, Inc.

300.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority over personnel decisions for Defendant Tyree Environmental, Inc.

301.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority over payroll decisions for Defendant Tyree Environmental, Inc.

302.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree supervises employees of the Defendant Tyree Environmental, Inc.

303.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree has the authority to hire and fire employees for Defendant Tyree Environmental, Inc.

304.    Defendant Stephen J. Tyree has the power to make binding decisions for Defendant Tyree Environmental, Inc.

305.    Defendant Stephen J. Tyree has the power to transfer the assets or liabilities of Defendant Tyree Environmental, Inc.

306.    Defendant Stephen J. Tyree has the power to declare bankruptcy on behalf of Defendant Tyree Environmental, Inc.

307.    Defendant Stephen J. Tyree has the power to enter into contracts on behalf of Defendant Tyree Environmental, Inc.

308.    At all times hereinafter mentioned, Defendant Stephen J. Tyree was and still is an "employer" within the meaning of NYLL § 190(3).

309.    Upon information and belief, and at all times hereinafter mentioned, Defendant Stephen J. Tyree was the administrator and fiduciary within the meaning of Sections 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(16)(A)(i) and 1002(21)(A) with respect to the Employee Benefit Plans.

## **FACTS**

310.    Plaintiffs were employees of Defendants, working under Defendants' supervision.

311.    Throughout Plaintiff's employment, Defendants deducted money from their weekly paychecks for health insurance, dental insurance, vision insurance, short-term and long-term disability insurance, and life insurance coverage (collectively, the "Employee Benefit Plans").

312.    Since on or about March 2014, coverage through the Employee Benefit Plans was provided by Cigna.

313.    Defendants were responsible for depositing Plaintiffs' money into a bank account, from which Defendants paid Cigna for the Employee Benefit Plans.

314.    Defendants were also responsible for contributing to the premiums paid to Cigna for the Employee Benefit Plans.

315.    Upon information and belief, Defendants did not pay any money into the Employee Benefit Plans during a time period to be determined by the Court.

316.    Upon information and belief, throughout this period, Defendants did not notify Plaintiffs or other current and former employees of Defendants about the termination of Employment Benefits Plans.

317.    Throughout this period, Defendants continued to deduct money for the Employee Benefit Plans from the weekly paychecks of Plaintiffs and other employees of Defendants.

318.    On or about July 22, 2014, Cigna notified Defendants that the Employee Benefit Plans was terminated effective June 1, 2014 for non-payment.

319.    On or about July 28, 2014, Defendants offered Plaintiff Shawn Healey continued coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), even though the Employee Benefit Plans was terminated.

320.    Upon information and belief, due to Defendants non-payment, Cigna has not paid Plaintiff Shawn Healey's claims under the Employee Benefit Plans since in or about April 2014.

321.    Upon information and belief, due to Defendants non-payment, Cigna has not paid Plaintiff George Smith's claims under the Employee Benefit Plans since in or about April 2014.

322.    Since April 2014, Plaintiff Shawn Healey and his family received medical treatment and other services that would have been covered by the Employee Benefit Plans had it not been terminated.

323.    Since April 2014, Plaintiff George Smith and his family received medical treatment and other services that would have been covered by the Employee Benefit Plans had it not been terminated.

324.    As a consequence thereof, medical providers have been seeking payment from Plaintiffs personally.

## FEDERAL RULES OF CIVIL PROCEDURE
## RULE 23 CLASS ALLEGATIONS

325.    Plaintiff Shawn Healey (hereinafter the "Class Representative") brings the First, Second and Third Causes of Action on his own behalf and on behalf of those similarly situated, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All current and former persons employed by Defendants who participated in the Employee Benefit Plans ("Rule 23 Class") from a time period to be determined by the Court ("Class Period").

326.    The persons in the New York Class are so numerous that joinder of all members is impracticable.  Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the defendants, there are approximately more than 40 members of the Rule 23 Class during the Class Period.

327.    There are questions of law and fact common to this Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

a.   Whether Defendants employed the Class Representative and the Rule 23 Class within the meaning of ERISA;

b.   Whether Defendants employed the Class Representative and the Rule 23 Class within the meaning of the NYLL;

c.   Whether Defendants unlawfully deducted money from the wages of the Class Representative and the Rule 23 Class;

d.   Whether Defendants unlawfully failed to remit contributions to the Employee Benefit Plans on behalf of the Class Representative and the Rule 23 Class;

e.   The proper measure of damages sustained by the Class Representative and the Rule 23 Class; and

f.   Whether the defendants should be enjoined from such violations in the future.

328.     The Class Representative fairly and adequately protects the interests of the Rule 23 Class and has no interests antagonistic to the class.

329.     The Class Representative is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

330.     A class is superior to other available methods for the fair and efficient adjudication of the controversy, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.  The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

331.     Further, the Class Representative and the Rule 23 Class has been equally affected by Defendant's failure to fund the Employee Benefit Plans and deductions from the wages of Defendants' employees.  Moreover, members of the Rule 23 Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

332.     Defendants have acted or refused to act on grounds generally applicable to Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

333.     The Class Representative's claims are typical of those of the class.  The Class Representative's and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to fund the Employee Benefit Plans and deductions from employees' wages.

334.     The Class Representative intends to send notice to all members of the New York Rule 23 Class to the extent required by Rule 23.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS AND THE RULE 23 CLASS
FOR FAILING TO REMIT EMPLOYEE BENEFIT PLAN CONTRIBUTIONS
AN ERISA VIOLATION**

335.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

336.    By failing to timely remit the contributions to the Employee Benefits Plans, and allowing those assets to be retained in, and commingled with Defendants assets, Defendants: (a) violated its duty to ensure that the Employee Benefit Plans' assets were held in trust by one or more trustees pursuant to the provision of ERISA § 403(a), 29 U.S.C.§ 1102(a); and (b) permitted the Employee Benefit Plan's assets to inure to the Defendants' benefit, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

337.    As a direct and proximate result of Defendants repeated failures to properly discharge its fiduciary duties, the Employee Benefit Plans and the participants have suffered losses, including healthcare costs and expenses, for which Defendants are liable, pursuant to ERISA § 409, 29 U.S.C. § 1109.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS AND THE RULE 23 CLASS
FOR A BREAH OF FIDUCIARY DUTY
AN ERISA VIOLATION**

338.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

339.    By failing to timely remit the Employee Benefit Plans' contributions and by causing those assets to be, instead, retained in, and commingling with, the defendants' general assets, Defendants, acting in their fiduciary capacity: (a) engaged in prohibited transactions; (b) failed to discharge its duties with respect to the Employee Benefit Plans solely in the interest of

the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Employee Benefit Plans, as required by ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(A)(1)(a); and (c) failed to act with the care, skill, prudence and diligence under the circumstances the prevailing that a prudence person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, as required by ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(A)(1)(B).

340.    As a direct and proximate result of Defendants repeated failures to properly discharge its fiduciary duties, the Employee Benefit Plans and the participants have suffered losses, including healthcare costs and expenses, for which Defendants are liable, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS
## FOR UNLAWFUL WAGE DEDUCTIONS
## A NYLL VIOLATION

341.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

342.    Defendants knowingly, willfully, and intentionally violated N.Y. Lab. Law § 193 when Defendants unlawfully reduced the Plaintiff's and Rule 23 Class members' wages by deducting money from their wages for their participation in the terminated Employee Health Plans.

343.    Defendants' deductions were willful within the meaning of N.Y. Lab. Law § 663.

344.    Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover from Defendants their full wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief, on the first cause of action:

a.       Certification of this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Rule 23 Class and appointment of the Class Representative and his counsel to represent the class;

b.       Judgment against Defendants, ordering them to restore all losses, including, but not limited to medical bills, costs, and expenses, suffered by the Employee Benefit Plans and its participants;

c.       All costs and attorneys' fees incurred prosecuting these claims; and

d.       For further relief as the Court deems just and equitable.

WHEREFORE, Plaintiffs pray for the following relief, on the second cause of action:

a.       Certification of this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Rule 23 Class and appointment of the Class Representative and his counsel to represent the class;

b.       Ordering Defendants, jointly and severally, to pay an amount equal to the greater of:

         i.   Interest on the unpaid contributions; or

        ii.  Liquidated damages equal to 20% of the unpaid contributions; and

c.       All costs and attorneys' fees incurred prosecuting these claims; and

d.       For further relief as the Court deems just and equitable.

WHEREFORE, Plaintiffs pray for the following relief, on the third cause of action:

a.       Certification of this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Rule 23 Class and appointment of the Class Representative and his counsel to represent the class;

b.       Judgment against Defendants for an amount equal to the Class Representative's and the Rule 23 Class Members' unlawfully deducted wages;

c.       Liquidated damages under N.Y. Lab. Law § 663;

d.       All costs and attorneys' fees incurred in prosecuting these claims; and

e.        For further relief as this Court deems just and equitable.

Dated: Melville, New York
        August 26, 2014

                                        Yours, etc.,

                                        SHULMAN KESSLER LLP

                                        By: ___/s/ Troy L. Kessler___
                                                Troy L. Kessler
                                                Marijana F. Matura
                                                Garrett Kaske
                                        *Attorneys for Plaintiffs and*
                                        *the Putative Rule 23 Class*
                                        510 Broadhollow Road, Suite 110
                                        Melville, New York 11747
                                        (631) 499-9100